United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-31135

_____

JOYCE  ROBERTS, Administratrix on behalf of Undray
Carter Estate, LATASHA MILLS, on behalf of La'Quarshay
Mills, NICOLE MOTON, on behalf of Kearra S. Moton,

                                  Plaintiffs-Appellants,

versus

CITY OF SHREVEPORT, Etc; ET AL,

Defendants,

CITY OF SHREVEPORT, on behalf of Police Department of
Shreveport; ROBERT RIVET, STEVE PRATOR, XYZ
INSURANCE CO., SPRINGS OF GRACE BAPTIST
CHURCH INC.,

                                  Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Western District of Louisiana
D.C. No. 5:00-CV-00371
_____

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Before us is the second appeal arising out of the death of Undray Carter. The relevant facts are set forth in *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005). We affirm for the following reasons:

1. Plaintiff Joyce C. Roberts, the mother of Carter, contends that the district court erred by holding that she has no standing to pursue a claim under § 1983. We look to state law to determine who may recover under § 1983. *See Rhyne v. Henderson County*, 973 F.2d 386, 390–91 (5th Cir. 1992). The Louisiana statutes governing survival and wrongful death actions allow surviving parents to bring such an action "if he [the decedent] left no spouse or child surviving." LA. CIV. CODE ANN. art. 2315.1 & 2315.2 (West 1997). In this case, Carter is survived by two minor children, and thus Roberts has no standing to bring suit under § 1983.

2. The plaintiffs challenge the district court's grant of summary judgment for Springs of Grace Baptist Church, arguing that the Church was vicariously liable for Rivet's tortious actions. Under Louisiana law, an employer is liable for the tortious acts of an employee if the employee's actions were within the course and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scope of his employment. *LeBrane v. Lewis*, 292 So. 2d 216, 217–18 (La. 1974). Vicarious liability will attach "only if the employee is acting within the ambit of his assigned duties and in furtherance of his of his employer's objectives." *Wearrien v. Viverette*, 35-446 (La. App. 2 Cir. 12/5/01) 803 So. 2d 297, 300. "The employee's tortious conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests." *Id.* To determine whether the actions were within the course and scope of employment, courts consider the following four factors:

(1) whether the tortious act was primarily employment rooted;
(2) whether the act was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.

*Id.* at 301.

In this case, the act indisputably occurred within the hours of employment, on the employer's premises, and thus two of the four factors are met. However, Rivet's actions in killing Carter were not primarily related to his job as a crossing-guard, but to his own self-defense and his duties as a police officer. Furthermore, the shooting was not incidental to the duties of a crossing guard, nor in furtherance

3

of the Church's objectives. Thus, the Church cannot be held liable for Rivet's actions.

3. The plaintiffs argue that the district court improperly denied summary judgment on their state law tort claims against the City of Shreveport. They contend that the jury verdict against Rivet means that Rivet was negligent. However, the jury's verdict on the plaintiffs' federal law claims does not constitute a finding that Rivet was negligent under Louisiana law, and thus the district court did not err in denying plaintiffs' motion for summary judgment.

4. Finally, plaintiffs contend that they have demonstrated a pattern of unconstitutional conduct by Officer Rivet, and therefore the district court judge erred in granting summary judgment for the City of Shreveport and the former Chief of Police on plaintiffs' § 1983 claims.

We have already addressed the pattern of allegedly unconstitutional conduct to which the plaintiffs refer, and held that "plaintiffs fall short in attempting to demonstrate a pattern of unconstitutional conduct on the part of Officer Rivet." *Roberts v. City of Shreveport*, 397 F.3d 287, 294 (5th Cir. 2005). Plaintiffs have adduced no further evidence of unconstitutional behavior. Thus, plaintiffs have not shown that the City condoned any unconstitutional policy, custom, or practice that caused a violation of Carter's constitutional rights, and their argument fails.

4

AFFIRMED.